**[ORAL ARGUMENT HELD MAY 7, 2024]**

**No. 23-5152**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

CAROL A. LEWIS and DOUGLAS B. SARGENT, on behalf of
themselves and all others similarly situated,

Plaintiffs-Appellants,

v.

XAVIER BECERRA, in his official capacity as
Secretary of Health and Human Services,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the District of Columbia

_____

## OPPOSITION TO THE PETITION FOR
## REHEARING EN BANC

_____

*Of Counsel:*

SAMUEL R. BAGENSTOS
*General Counsel*

DAVID HOSKINS
*Deputy Associate General
Counsel*

LINDA KEYSER
*Attorney*

*Department of Health and
Human Services*

BRIAN M. BOYNTON
*Principal Deputy Assistant
Attorney General*

ABBY C. WRIGHT
JOSHUA M. KOPPEL
*Attorneys, Appellate Staff
Civil Division, Room 7212
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-4820*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT ..................................................................................... 1

ARGUMENT ...................................................................................... 6

The Petition For Rehearing En Banc Should Be Denied ......................... 6

CONCLUSION ................................................................................... 20

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                          **Page(s)**

*Agostini v. Felton,*
   521 U.S. 203 (1997) ............................................................ 11-12, 14

*Arizonans for Official English v. Arizona,*
   520 U.S. 43 (1997) .................................................................... 6

*Bowen v. City of New York,*
   476 U.S. 467 (1986) .............................................................. 3, 17

*Cameron-Grant v. Maxim Healthcare Servs., Inc.,*
   347 F.3d 1240 (11th Cir. 2003) ........................................... 15

*Culver v. City of Milwaukee,*
   277 F.3d 908 (7th Cir. 2002) ............................................... 16

*Deposit Guar. Nat'l Bank v. Roper,*
   445 U.S. 326 (1980) ................................................ 4, 5, 7, 8, 9, 18

*Food Mktg. Inst. v. Argus Leader Media,*
   588 U.S. 427 (2019) .................................................................. 7

*Genesis Healthcare Corp. v. Symczyk,*
   569 U.S. 66 (2013) ............................................................... 8, 13

*Hollingsworth v. Perry,*
   570 U.S. 693 (2013) .................................................................. 9

*Jin v. Shanghai Original, Inc.,*
   990 F.3d 251 (2d Cir. 2021) ............................................... 5, 16

*Lewis v. Becerra,*
   111 F.4th 65 (D.C. Cir. 2024) ................................... 1, 2, 4, 5, 7, 8, 10,
                                      11, 12, 16, 18, 19

*Lewis v. Casey,*
   518 U.S. 343 (1996) ................................................................ 11

*Lewis v. Continental Bank Corp.,*
   494 U.S. 472 (1990) .................................................................. 6

*Lorazepam & Clorazepate Antitrust Litig., In re*,
    289 F.3d 98 (D.C. Cir. 2002) ............................................................ 19

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................... 5

*Lusardi v. Xerox Corp.*,
    975 F.2d 964 (3d Cir. 1992) ........................................................ 15

*Mallory v. Norfolk S. Ry.*,
    600 U.S. 122 (2023) .................................................................... 15

*Reed v. Heckler*,
    756 F.2d 779 (10th Cir. 1985) .................................................... 16

*Richards v. Delta Air Lines, Inc.*,
    453 F.3d 525 (D.C. Cir. 2006) ...................................................... 8

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,
    490 U.S. 477 (1989) .................................................................... 11

*Sosna v. Iowa*,
    419 U.S. 393 (1975) .................................................................... 14

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ...................................................................... 9

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ...................................................................... 9

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ................................................................. 9, 11

*U.S. Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) .................................................. 10, 11, 13, 14

*Zhang v. U.S. Citizenship & Immigration Servs.*,
    978 F.3d 1314 (D.C. Cir. 2020) .................................................... 3

# STATEMENT

1. Plaintiffs Carol Lewis and Douglas Sargent sought Medicare reimbursement for continuous glucose monitors and related supplies that they used to monitor their diabetes. *Lewis v. Becerra*, 111 F.4th 65, 68 (D.C. Cir. 2024). Plaintiffs exhausted their administrative remedies and then timely filed this action seeking judicial review of the Department of Health and Human Services' (HHS's) final decision denying their claims. *Id.* They also moved to represent a class of all persons whose claims for continuous glucose monitor equipment had been denied since December 2012. *Id.* at 68-69.

The district court denied the motion for class certification. JA0527-0552. The court observed that the claims of most putative class members were unexhausted, untimely, or both. JA0538-0539. Because the putative class members were not entitled to waiver of the exhaustion requirement or equitable tolling of the limitations period, JA0539-0545, the court concluded that individuals with unexhausted or untimely claims could not be included in any certified class. Once those individuals were excluded, the number of putative class members dropped to 17. JA0536-0538; JA0549-0550. The court then held that

this group was too small to meet the numerosity requirement for a class action. JA0550-0551.

In the meantime, HHS had revisited and revised its policy regarding the coverage of continuous glucose monitors and determined that those devices would be covered by Medicare. JA0602. HHS then issued a ruling that applied the new policy to all Medicare beneficiaries with pending claims or appeals. JA0582-0596. Based on this policy, in the weeks before and after the denial of class certification, HHS paid plaintiffs' three claims at issue in this case. JA0578-0581. The Secretary then asked the district court to enter partial judgment in plaintiffs' favor, vacate the final agency decisions denying plaintiffs' claims, and dismiss as moot plaintiffs' remaining claims and their requests for additional relief. The district court granted that motion. JA0599-0626.

2. Plaintiffs appealed the district court's denial of class certification. *Lewis*, 111 F.4th at 69. They did not seek to set aside the judgment in their favor or challenge any aspect of the merits of that judgment. *Id.* The government defended the district court's decision to deny class certification, explaining that precedent of the Supreme Court

2

and this Court establish that a certified class should not include unnamed class members with unexhausted or untimely claims. In *Bowen v. City of New York*, for example, the Supreme Court considered "whether the [d]istrict [c]ourt correctly included within the class" individuals with untimely or unexhausted claims, and held that it did only because, in the circumstances of that case, the exhaustion requirement should be waived and the statute of limitations should be tolled. 476 U.S. 467, 469, 478-486 (1986). Here, the district court correctly held that putative class members were not entitled to waiver of the exhaustion requirement or tolling of the limitations period, and plaintiffs had not contested the merits of that holding on appeal. *See* Gov't Br. 42-43; *see also Zhang v. U.S. Citizenship & Immigration Servs.*, 978 F.3d 1314, 1323 (D.C. Cir. 2020) (recognizing "the rule that a certification order may neither revive time-barred claims nor include individuals with such claims in the class").

At oral argument, a panel of this Court inquired whether plaintiffs had standing to appeal the denial of class certification after judgment had been entered in their favor on their individual claims. Although plaintiffs asserted that they had standing, they conceded that

they had "no continuing pocketbook or other individual injury." *Lewis*, 111 F.4th at 71.

In August 2024, the Court unanimously dismissed the appeal for lack of constitutional standing. *Lewis*, 111 F.4th at 68. The Court reasoned that "in a federal appellate court, an appellant must show a concrete and particularized injury 'fairly traceable to the judgment below' and likely to be redressed by a favorable ruling on appeal," *id.* at 69 (emphasis omitted), but plaintiffs had prevailed on their individual claims and their Medicare claims had been paid. Plaintiffs thus were not injured by the district court's judgment, nor could they show "concrete, individual injuries from the district court's denial of class certification." *Id.* at 76. Plaintiffs' "abstract interest in serving as class representatives," the Court held, "is insufficient to satisfy Article III." *Id.*

The Court contrasted this case with *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), in which the Supreme Court held that plaintiffs who had prevailed on their individual claims could appeal the denial of class certification because they retained a "personal stake in the appeal," as required by Article III, due to their "desire to

shift part of the costs of litigation" to putative class members. *Id.* at 336; *see Lewis*, 111 F.4th at 70. By contrast, the Court explained that plaintiffs here "have alleged no continuing pocketbook or other individual injury." *Lewis*, 111 F.4th at 71. The Court therefore concluded that plaintiffs had no "personal stake of the kind identified in *Roper*," and "no concrete interest in continuing to seek class certification." *Id.* at 72.

The Court rejected plaintiffs' argument that they had standing on appeal because of their "asserted right to represent the interests of absent class members." *Lewis*, 111 F.4th at 71. The Court observed that plaintiffs would receive no personal benefit if HHS were to reimburse all absent class members and determined that plaintiffs' "continued discontent with the denial of class certification is thus a 'generally available grievance about the government' that fails to distinguish [plaintiffs] from any other citizen." *Id.* at 71-72 (alteration omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-574 (1992)). In reaching this conclusion, the Court recognized that the Second Circuit had reached a different conclusion in *Jin v. Shanghai Original, Inc.*, 990 F.3d 251 (2d Cir. 2021).

# ARGUMENT

## THE PETITION FOR REHEARING EN BANC SHOULD BE DENIED

Plaintiffs have not established that this Court should take the extraordinary step of granting rehearing en banc. En banc review is not necessary to maintain the uniformity of this Court's decisions, nor is this case so exceptionally important as to warrant en banc review. The Court should deny the petition for rehearing.

1. The Constitution "denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them and confines them to resolving real and substantial controversies admitting of specific relief." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (alteration, citation, and quotation marks omitted). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review,'" and the requirement of standing "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 67 (1997). In particular, an appealing litigant "must demonstrate that it has suffered an actual or imminent injury that is 'fairly traceable' to the judgment

below" and that "a favorable ruling from [the appellate court] would redress [that] injury." *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 432-433 (2019).

In this case, the Court held that plaintiffs could not establish any ongoing personal injury that was traceable to the district court's judgment, because their individual claims were resolved in their favor, and they received full payment of those claims. The Court reasoned that plaintiffs cannot rely on the unresolved claims of putative class members because even "[i]f HHS now reimbursed all absent class members, it would benefit [plaintiffs] 'no more directly and tangibly' than it would benefit 'the public at large.'" *Lewis v. Becerra*, 111 F.4th 65, 71 (D.C. Cir. 2024).

The Court also concluded that plaintiffs have not established any ongoing personal injury specifically tied to the denial of their motion to certify a class action. The Court noted that in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), the Supreme Court held that named plaintiffs for whom judgment was entered based on an unaccepted offer of judgment under Rule 68 retained their standing to appeal the denial of class certification because they sought to "shift part

of the costs of litigation to those who will share in its benefits if the class is certified and ultimately prevails." *Id.* at 336. The Supreme Court later observed that, due to their interest in spreading litigation costs, the plaintiffs in *Roper* had a "personal economic stake in the litigation, even after the defendants' offer of judgment." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78 (2013).

Here, this Court noted, plaintiffs "disavowed any theory of standing" or ongoing harm "based on the possible recovery of costs or fees from absent class members." *Lewis*, 111 F.4th at 71. The Court explained that plaintiffs instead "allege only one injury" on appeal— "losing the asserted right to represent the interests of absent class members." *Id.* The Court found that interest insufficient to support standing to appeal the denial of class certification. *Id.* at 71-72.[1]

---

[1] *Richards* v. *Delta Air Lines, Inc.*, 453 F.3d 525 (D.C. Cir. 2006), applied *Roper* to the context of a plaintiff who settled her individual claim against the defendant after the district court denied class certification but expressly preserved her right to pursue the class claim. *Id.* at 528. The Court held that the plaintiff "retain[ed] a personal stake in the class claim, including the interest in shifting attorney fees and other litigation costs." *Id.* at 529. That holding does not support plaintiffs here because plaintiffs have disclaimed any interest in obtaining such compensation from any class-wide recovery.

There is considerable force to the Court's conclusion under current standing principles. *Roper* explained that "the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims." 445 U.S. at 332. And the Supreme Court has subsequently held that "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

Plaintiffs contend (Pet. 10) that they have standing under a "'private attorney general' approach" because they seek to protect the interests of unnamed class members. But the Supreme Court has held that a "fundamental restriction on [federal courts'] authority [is] that in the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) (alteration and quotation marks omitted); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (an "uninjured plaintiff …

merely seeking to ensure a defendant's 'compliance with regulatory law'" does not have Article III standing).

Plaintiffs similarly fail to establish standing by arguing (Pet. 10-11) that a contrary rule would discourage attorneys from accepting contingency representations.  *See Lewis*, 111 F.4th at 75.  And plaintiffs' asserted "economic interest in maintaining their ability to contract for representation," Pet. 11, is no greater or different than that of any member of the public.  There is no reason to think that these particular plaintiffs will ever again need to contract with attorneys to represent them as named plaintiffs in a putative class action.

2.  In *U.S. Parole Commission v. Geraghty*, 445 U.S. 388 (1980), however, the Supreme Court held that a prisoner *could* appeal an order denying class certification even though his subsequent release mooted his individual claim.  *Id.* at 390, 407.

The Court in this case noted that much of the reasoning of *Geraghty* is inconsistent with modern Article III jurisprudence.  *Lewis*, 111 F.4th at 73-74.  In particular, *Geraghty* stated that the "personal stake" requirement under Article III serves "to assure that the case is in a form capable of judicial resolution" and that "[t]he imperatives of a

dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions." 445 U.S. at 403. *Geraghty* then determined that the case was not moot because the "question whether class certification [was] appropriate remain[ed] as a concrete, sharply presented issue" in the case, and the plaintiff "continue[d] vigorously to advocate his right to have a class certified." *Id.* at 403-404.

In this Court's view, that reasoning in *Geraghty* "reduc[ed] constitutional standing to a functionalist concern about adversary presentation." *Lewis*, 111 F.4th at 73. And the Supreme Court has subsequently both rejected the proposition "that assurance of 'serious and adversarial treatment' [is] the only value protected by standing," *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996), and made clear that to establish their own standing, plaintiffs must demonstrate that they suffered a "concrete harm" such as "physical harm" or "monetary harm," *Transunion*, 594 U.S. at 417.

This Court acknowledged that it was bound by the Supreme Court's decision in *Geraghty*. *Lewis*, 111 F.4th at 74 (citing *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)); *see*

*Agostini v. Felton*, 521 U.S. 203, 237 (1997).  But the Court observed

that plaintiffs' claims here did not become moot after the denial of class

certification, as in *Geraghty*; rather, judgment was entered in plaintiffs'

favor, and they received relief on the merits of their claims.  The Court

therefore concluded that "*Roper*—not *Geraghty*—is the directly

controlling precedent for assessing whether plaintiffs who have

prevailed on the merits may appeal a denial of class certification."

*Lewis*, 111 F.4th at 74.  And it found *Roper*'s rationale more consistent

with current Supreme Court jurisprudence than *Geraghty*.  The Court

therefore chose to read *Geraghty* narrowly and not to support standing

here.

It is true that *Roper* and *Geraghty* differ with respect to the

reasons why the named plaintiffs no longer had an individual claim on

the merits.  But it does not necessarily follow that that difference is

material for purposes of determining whether a plaintiff has a sufficient

interest to support Article III standing to appeal the denial of class

certification.  In *Geraghty* itself, the Court found no material

"distinction" between the situation in *Geraghty*, where "mootness …

[wa]s caused by 'expiration' of the [named plaintiff's] claim," and the

situation in *Roper*, where the named plaintiffs obtained "judgment on the claim." 445 U.S. at 401 (concluding that "Geraghty's 'personal stake' in the outcome of the litigation is, in a practical sense, no different from that of the putative class representatives in *Roper*").

The Supreme Court has also more recently stated that the "essential" factor in *Geraghty* was that "a putative class acquires an independent legal status once it is certified under Rule 23," and that, following a successful appeal of the denial of class certification, the class's independent status "'relates back' to the time of the erroneous denial of [class] certification." *Genesis Healthcare*, 569 U.S. at 74-75. Under that account, *Geraghty* can be understood as reflecting that the Article III interest of the class itself can be a more general basis for standing to appeal the denial of class certification so long as the named plaintiff still possessed a "personal stake in the outcome at the time class certification [was] denied." *Geraghty*, 445 U.S. at 407 n.11. By that reasoning, the requisite Article III interest apparently would not depend solely on the interest of the named plaintiff; instead, the named plaintiff's appeal from the denial of class certification could be understood as advancing, in a representative capacity, the class's

independent interest. *See id.* at 405-406 (stating that the Court's ruling "shift[ed] the focus of examination from the elements of justiciability to the ability of the named representative to 'fairly and adequately protect the interests of the class'" under Rule 23).[2]

The question thus becomes whether the *Agostini* principle that lower courts are bound by directly controlling Supreme Court precedent requires application of *Geraghty*'s rule in the situation where the named plaintiffs' claims are resolved in their favor, as in *Roper*, in addition to the situation in which those claims become moot, as in *Geraghty*, or whether it calls for the Court to consider *Geraghty* together with *Roper*—which was decided on the same day—and then determine whether the factual scenarios presented in those two cases can be distinguished. *See Agostini*, 521 U.S. at 237 (stating that courts of

---

[2] In *Sosna* v. *Iowa*, 419 U.S. 393 (1975), the Court determined that the named plaintiff was entitled to pursue an appeal—"even though the claim of the named plaintiff ha[d] become moot"—on the theory that the requisite Article III controversy existed between "a named defendant and a member of the class represented by the named plaintiff" once "the District Court certified the propriety of the class action," because, upon certification, "the class of unnamed persons … acquired a legal status separate from the interest asserted by [the named plaintiff]." *Id.* at 399, 401-402. *Sosna* does not address the circumstances here because the district court in this case did not certify the class.

appeals must follow "a precedent of this Court [that] has direct application in a case," even if it "appears to rest on reasons rejected in some other line of decisions," in order to "leav[e] to this Court the prerogative of overruling its own decisions" (quotation marks omitted)); *accord Mallory* v. *Norfolk S. Ry.*, 600 U.S. 122, 136 (2023). We are hesitant to take a definitive position on that narrow and novel issue here, because, as explained below, this case, including that particular *Agostini* issue, does not warrant en banc review, especially given that the denial of class certification here was clearly correct.

3. a. Plaintiffs' contention (Pet. 9-10, 13) that the Court's decision conflicts with the decisions of other circuits fails to demonstrate that rehearing en banc is warranted.

In *Lusardi v. Xerox Corp.*, 975 F.2d 964, 966, 973-981 (3d Cir. 1992), the Third Circuit held that a district court was without jurisdiction to decide a motion for class certification after the named plaintiffs settled their individual claims. And in *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1244-1249 (11th Cir. 2003) (per curiam), the Eleventh Circuit held that a plaintiff whose claims had been settled could not appeal a district court's order denying

a motion to proceed as a collective action under the Fair Labor Standards Act. Neither of those holdings—which found that plaintiffs lacked standing to proceed after they settled their individual claims— conflicts with the Court's decision in this case.

The Court's decision does conflict with *Jin v. Shanghai Original, Inc.*, 990 F.3d 251 (2d Cir. 2021), and two much earlier decisions, *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002), and *Reed v. Heckler*, 756 F.2d 779 (10th Cir. 1985). But, addressing *Jin*, the Court explained why it found the reasoning of those cases unpersuasive. *See Lewis*, 111 F.4th at 73-76. That was so because they relied on the "private attorney general concept," *Jin*, 990 F.3d at 259, or on the concern that a "defendant in a class action suit could delay appeals indefinitely by buying off successive class representatives," *Culver*, 277 F.3d at 910, or on a finding that "the claims of the unnamed plaintiffs [we]re presented in a sufficiently adversarial relationship to sharpen the issues," *Reed*, 756 F.2d at 787. This Court concluded that such reasoning is inconsistent with more recent decisions of the Supreme Court. *See Lewis*, 111 F.4th at 73-74; *see also supra* pp. 9-11. In any event, as

explained further below, rehearing en banc is not warranted in this case.

b.  For several reasons, this case is not so exceptionally important as to warrant the Court's en banc review.

First, neither plaintiffs nor the putative class would obtain any meaningful benefit from further review, because the district court was plainly correct in denying class certification.  The proposed class here clearly failed to meet the numerosity requirement of Rule 23(a)(1) because it contained only 17 unnamed class members whose claims were exhausted and timely.  Plaintiffs have argued that the court should have certified a class that included approximately 88,000 individuals with unexhausted or untimely claims.  But doing so would have contravened *Bowen v. City of New York*, 476 U.S. 467 (1986), where the Court held that a district court properly certified a class including individuals with untimely or unexhausted claims only because, in the circumstances of that case, the exhaustion requirement should be waived and the statute of limitations should be tolled. Plaintiffs have established no basis for waiver or tolling here.  Plaintiffs thus have nothing meaningful to gain from en banc review, because

review would not lead to any change in the district court's judgment in this case.  And plaintiffs are ill-positioned to advocate on appeal for the individuals excluded from the putative class because plaintiffs *did* exhaust their remedies and timely seek judicial review.

Second, even under this Court's decision, named plaintiffs in future cases will still frequently be able to appeal an order denying class certification under *Roper* because, if their class action involves class-wide claims for monetary relief, the named plaintiffs would be able to assert an ongoing interest in "shift[ing] to successful class litigants a portion of those fees and expenses that have been incurred in th[e] litigation."  *Roper*, 445 U.S. at 334 n.6; *see also Lewis*, 111 F.4th at 75-76.  Plaintiffs and attorneys can often structure their fee agreements in class actions seeking damages or other monetary relief to ensure that they have the type of economic stake that *Roper* recognized—for example, by providing that any recovering plaintiffs will cover some amount of the costs of litigation.

In contexts in which the named plaintiffs would not retain any cost-spreading interest if judgment on their individual claims were later entered in their favor on the merits, counsel could raise that concern in

support of a petition for interlocutory review of the denial of class

certification under Rule 23(f).  *See In re Lorazepam & Clorazepate*

*Antitrust Litig.*, 289 F.3d 98, 105 (D.C. Cir. 2002) (stating that "Rule

23(f) review will ordinarily be appropriate … when there is a death-

knell situation for either the plaintiff or defendant that is independent

of the merits of the underlying claims, coupled with a class certification

decision by the district court that is questionable").  Indeed, Rule 23(f),

promulgated in 1998, mitigates some of the policy concerns discussed in

*Roper* and *Geraghty* by providing an opportunity for interlocutory

review of class-certification decisions in appropriate cases.

Finally, the policy concerns that plaintiffs cite (Pet. 16) are not

present here because the payment of plaintiffs' Medicare claims was

clearly not an effort to pick off named plaintiffs before a class could be

certified.  Judgment was entered in plaintiffs' favor, the administrative

denials of their claims were vacated, and plaintiffs' claims were paid,

because of a broadly applicable change in agency policy regarding the

coverage of continuous glucose monitors.  *See Lewis*, 111 F.4th at 68.

Under the new policy, HHS paid the Medicare claims of all beneficiaries

whose claims had been denied under the prior policy and whose

Medicare claims or appeals were still pending. *See* JA0602-0603. As a result, any unnamed plaintiffs with pending claims or appeals, or whose claims were fully exhausted and for whom the time to seek judicial review had not yet run, were entitled to the same payments as the named plaintiffs.

## CONCLUSION

The petition for rehearing en banc should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*

*Of Counsel:*

SAMUEL R. BAGENSTOS
*General Counsel*

DAVID HOSKINS
*Deputy Associate General*
*Counsel*

LINDA KEYSER
*Attorney*

*Department of Health and*
*Human Services*

ABBY C. WRIGHT

*/s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
*Attorneys, Appellate Staff*
*Civil Division, Room 7212*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4820*
*joshua.m.koppel@usdoj.gov*

November 2024

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains 3,887 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Joshua M. Koppel*
Joshua M. Koppel